Rachel M. Walsh (SBN 250568)
rwalsh@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, CA 94111
Tel.:(415) 733-6000
Fax.: (415) 677-9041

Robert D. Carroll (*pro hac vice application forthcoming*)
rcarroll@goodwinlaw.com
Todd Marabella (*pro hac vice application forthcoming*)
tmarabella@goodwinlaw.com
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA  02210
Tel: (617) 570-1000
Fax: (617) 523-1231

*Attorneys for Plaintiff WestBridge Capital Management, LLC D/B/A WestBridge Capital*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WESTBRIDGE CAPITAL MANAGEMENT, LLC D/B/A WESTBRIDGE CAPITAL,<br><br>Plaintiff,<br><br>v.<br><br>WESTBRIDGE CAPITAL, LTD.,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT FOR:**<br>1) **TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);**<br>2) **TRADEMARK INFRINGEMENT (15 U.S.C. § 1125(a));**<br>3) **TRADEMARK INFRINGEMENT (California Common Law);**<br>4) **UNFAIR COMPETITION (Cal. Bus. & Prof. Code § 17200)**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

# COMPLAINT

1. Plaintiff WestBridge Capital Management, LLC d/b/a WestBridge Capital ("WestBridge Capital") brings this action for trademark infringement against Westbridge Capital, Ltd. ("Defendant").

2. This is a case about Defendant's unauthorized use of the WESTBRIDGE and WESTBRIDGE CAPITAL trademarks in connection with its competing investment services in the United States without authorization, in violation of federal and state law. Through these acts, Defendant has gained an unfair competitive advantage in the same market of services for which WestBridge Capital, along with its advisory affiliates – including WestBridge Capital US Advisors LP (collectively the "WestBridge Capital Group") – have invested substantial resources to develop its brand and goodwill over the last twenty-three years.

3. WestBridge Capital is an investment management firm, domiciled in Mauritius, with more than $7 billion of assets under management across multiple jurisdictions, and under common control with WestBridge Capital US Advisors, LP ("WestBridge Capital US"), a United States investment advisor that is registered with the U.S. Securities and Exchange Commission ("SEC"), including as a Relying Advisor, and located in this District in San Mateo, California. WestBridge Capital provides its investment advisory and management services to its client funds which invest in a variety of companies across various industries, including technology, consumer retail, healthcare and financial services in California and throughout the United States.

4. The WestBridge Capital Group has developed globally into a major investment firm. The WestBridge Capital Group was founded in 2000 and the team has to date, raised more than $3.5 billion and made investments in more than 150 companies across the United States, India and Southeast Asia across several sectors. The WestBridge Capital Group today has a diverse portfolio of investments in a variety of industries including but not limited to, financial services, consumer retail, technology, healthcare, and aviation.

5. The WestBridge Capital Group has used the trademarks WESTBRIDGE and WESTBRIDGE CAPITAL to refer to its investment services since 2000 and has expended substantial resources and efforts in establishing goodwill in those terms.

6. WestBridge Capital owns multiple trademarks which are comprised of or include the mark WESTBRIDGE. For instance, WestBridge Capital's trademark portfolio includes multiple federally registered trademarks, including, but not limited to trademarks for WESTBRIDGE (U.S. Reg. No. 5,114,220); and WESTBRIDGE CAPITAL (U.S. Reg. Nos. 2,546,319 and 5,122,751), with the earliest trademark application being filed as early as June 2000 with a registration receipt in March 2002.

7. WestBridge Capital also owns common law trademark rights in the WESTBRIDGE and WESTBRIDGE CAPITAL trademarks, based on WestBridge Capital's long use of those marks in reference to its services since 2000.

8. On information and belief, Defendant is a Canadian private equity firm that also invests in multiple companies across various industries and jurisdictions, and many of such industries overlap with those served by WestBridge Capital.[1]

9. On information and belief, Defendant has sought to siphon away WestBridge Capital's goodwill through Defendant's unauthorized use of the term, "Westbridge Capital" to market and sell substantially similar services in the same markets.

10. By this action, WestBridge Capital seeks relief from Defendant's willful and unlawful conduct. Defendant's conduct constitutes federal trademark infringement (15 U.S.C. §§ 1114 and 1125(a)), false designation of origin (15 U.S.C. § 1125(a)), common law trademark infringement, and unfair competition (Cal. Bus. & Prof. Code § 17200).

**THE PARTIES**

11. Plaintiff WestBridge Capital is an investment management firm incorporated under the laws of Mauritius with its principal office located at Apex House, Bank Street, TwentyEight, Cybercity Ebene 72201, Mauritius.

12. Plaintiff WestBridge Capital's U.S. affiliate, WestBridge Capital US, which also operates using the WESTBRIDGE and WESTBRIDGE CAPITAL trademarks, is headquartered in this District at 520 S. El Camino Real, Suite 900, San Mateo, California, 94402.

---

[1] https://www.westbridgecapital.ca/portfolio

1  13. On information and belief, Defendant, Westbridge Capital, Ltd. is a Canadian corporation with a principal office located at 300 – 2100 8th Street East, Saskatoon, Saskatchewan S7H 0V1, Canada.

## JURISDICTION AND VENUE

14. This is an action for injunctive and other relief under the Federal Trademark Act, 15 U.S.C. § 1051, et seq. ("Lanham Act"), particularly 15 U.S.C. §§ 1114 and 1125, for trademark infringement, unfair competition and false designation. WestBridge Capital also asserts claims under California state law for common law trademark infringement and unfair competition.

15. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1338(b). This Court also has jurisdiction pursuant to 15 U.S.C. § 1121(a), 28 U.S.C. § 1332, and the doctrine of supplemental jurisdiction. This Court has supplemental jurisdiction over WestBridge Capital's claims for Defendant's breaches of California law pursuant to 28 U.S.C. § 1367.

16. This Court has personal jurisdiction over Defendant including for the reasons that Defendant has conducted and continues to conduct business in California when Defendant (i) sells investment services to companies in California and transacts or solicits business and services through advertising, offering for sale and selling products and services which infringes rights that WestBridge Capital has in California; and (ii) committed acts of trademark infringement, false designation of origin and unfair competition, as more fully described below, in whole or in part, in California. In addition, Defendant, directly and/or through its distribution networks, regularly places its services within the stream of commerce with the knowledge and/or understanding that such services will be sold in California.

17. Venue is proper under 28 U.S.C. §§ 1391(b) and 1391(c) because Defendant does business in California, WestBridge Capital's U.S. affiliate operates from this District, and/or the wrongful acts committed by Defendant occurred in and are causing injury to WestBridge Capital in California.

## FACTS

### WestBridge Capital's Significant Investment in its Brand

3

COMPLAINT

18. Founded in 2000, the WestBridge Capital Group is an experienced investment management firm, managing over $7 billion of capital deployed across multiple investment funds. Since its founding, the WestBridge Capital Group has expended significant efforts to protect its brand including by registering it across several jurisdictions including the US.

19. In particular, the WestBridge Capital Group has operated within the United States under the WESTBRIDGE and WESTBRIDGE CAPITAL marks for more than two decades and has built an especially strong business presence in California and has invested millions of dollars into companies based in the United States. The WestBridge Capital Group also has a substantial U.S.-based investor base, including university endowments, foundations, and family offices.

20. WestBridge Capital US, the SEC registered US investment advisory firm, operates from this District in San Mateo, CA, and employs an 18+ member team including several senior investment professionals as well as its Chief Financial Officer and Chief Compliance Officer.

**WestBridge Capital Invests In and Protects Its Intellectual Property Rights**

21. The WestBridge Capital Group has spent considerable efforts in establishing, developing, and promoting the WESTBRIDGE and WESTBRIDGE CAPITAL marks including its website at https://www.westbridgecap.com/.

22. The WESTBRIDGE and WESTBRIDGE CAPITAL marks have been featured in multiple media publications, including *Forbes, Mint, TechCrunch, The Economic Times, Technode Global, Deal Street Asia*, as well as many private equity focused media publications, including *Private Equity Insights*, always in reference to the WestBridge Capital Group or its services.

23. The WestBridge Capital Group has also expended substantial time and expense in marketing its services under the WESTBRIDGE and WESTBRIDGE CAPITAL trademarks. For example, WestBridge Capital and its advisory affiliates prominently display the registered WESTBRIDGE and WESTBRIDGE CAPITAL trademarks not only on websites, landing pages, software, and mobile apps, but also in its marketing materials such as business cards, brochures, conference materials, and pitch decks.

24. As a result of its efforts, the WestBridge Capital Group has developed substantial goodwill in its brand.

25.     To protect its valuable brand, WestBridge Capital applied for and has been granted multiple federal registrations for trademarks incorporating the WESTBRIDGE and WESTBRIDGE CAPITAL marks.

26.     As one example, WestBridge Capital owns an incontestable trademark registration, U.S. Reg. No. 5,114,220 for WESTBRIDGE in connection with "financial investment services in the field of venture capital, private equity funds; financial analysis, research management and consultation in connection therewith" with a first use in commerce date of February 1, 2000 and a registration date of January 3, 2017.

27.     WestBridge Capital also owns an incontestable trademark registration, U.S. Reg. No. 2,546,319 for WESTBRIDGE CAPITAL in connection with "financial services in the field of venture capital (cross-over funds, hedge funds, mutual funds,) private equity funds; financial analysis, research management and consultation in connection therewith; financial investment services in the field of derivates, investment banking and funds," with a first use commerce date of February 1, 2000 and a registration date of March 12, 2002 and an incontestable trademark registration, U.S. Reg. No. 5,122,751, for WESTBRIDGE|CAPITAL in connection with "financial investment services in the field of venture capital, private equity funds, financial analysis, research management and consultation in connection therewith" with a first use in commerce date of September 2013 and a registration date of January 17, 2017.

28.     WestBridge Capital's registrations evidence the validity of the WESTBRIDGE and WESTBRIDGE CAPITAL marks, WestBridge Capital's ownership of those trademarks, and its exclusive right to use those trademarks in commerce in connection with financial investment services.

29.     In addition, WestBridge Capital has common law rights in the WESTBRIDGE and WESTBRIDGE CAPITAL trademarks based on WestBridge Capital's extensive use of these trademarks in connection with its services such that consumers understand WESTBRIDGE and WESTBRIDGE CAPITAL to refer to the WestBridge Capital Group and its investment services.

**Defendant's Unlawful Acts**

30.     On information and belief, Defendant is a Canadian company founded in 2007 that focuses on selling private equity investment services in the United States under the confusingly

5
COMPLAINT

similar name "Westbridge Capital." *See, e.g.,* www.westbridgecapital.ca (landing page) ("Westbridge Capital is a private equity firm that builds relationships with stable, profitable businesses."). As such, Defendant acts as a competitor to the WestBridge Capital Group by providing investment services to mature operating companies with a focus on assisting with the companies' strategy, operations, management recruiting, fundraising and more.

31. On information and belief, Defendant has continuously used the term "Westbridge Capital" without authorization in connection with soliciting consumers and providing investment services within California and other states. Defendant has made efforts to "expand[] its operations in North America," in particular, the United States.[2] In fact, Defendant has invested in at least nine manufacturing, industrial, and/or technology companies throughout the United States.

32. On information and belief, Defendant invests in overlapping classes of companies as WestBridge Capital. For example, both the WestBridge Capital Group and the Defendant invest in companies focused on industrial equipment, information technology, and consumer retail.

33. On information and belief, Defendant invests and continues to invest in companies operating in California and other U.S. states.

34. As but one example, on information and belief Defendant acquired Intimo Industry – a California-based manufacturer serving "the needs of the ever-changing apparel industry."

35. Also, Defendant has invested in Creative Maintenance Systems – a California-based CleanTech company providing "janitorial services which include janitorial cleaning, floor and carpet maintenance, porter service, COVID and disinfectant cleaning, pressure washing, window cleaning, and upholstery cleaning, enabling businesses to receive hassle-free cleaning services."

36. Defendant's investments in California and other U.S. states are further evidenced by their filings with the Unites States Securities and Exchange Commission (SEC). On March 6th, 2023, Defendant filed a Form D Notice of Exempt Offering of Securities with the SEC regarding an amendment to a pooled investment fund.[3]

---

[2] https://www.westbridgecapital.ca/about
[3] https://www.sec.gov/Archives/edgar/data/1843402/000150794323000021/xslFormDX01/primary_doc.xml

COMPLAINT

6

37. The WestBridge Capital Group and Defendant market their services through overlapping marketing channels insofar as they use the internet, hard-copy publications, and direct and electronic mail to market their services.

38. In addition, Defendant maintains a website with a URL that is confusingly similar to the URL of WestBridge Capital's website, which attracts the same market of companies and potential investments. To illustrate, WestBridge maintains a website with the URL, https://westbridgecap.com/, while Defendant maintains a website with the confusingly similar URL, https://www.westbridgecapital.ca/.

39. On information and belief, Defendant was aware of the WESTBRIDGE and WESTBRIDGE CAPITAL trademarks, and willfully adopted the "Westbridge Capital" name with the intent to exploit WestBridge Capital's goodwill in those marks.

40. Defendant was additionally on constructive notice of WestBridge Capital's rights in WESTBRIDGE and WESTBRIDGE CAPITAL, because of the existence of WestBridge Capital's incontestable trademark registrations and because both the WestBridge Capital Group and Defendant compete in similar markets and in overlapping geographical areas.

41. On information and belief, Defendant has adopted its infringing trademark and intentionally directed its investment activities to companies in the United States including California.

42. WestBridge Capital has never authorized Defendant to use WESTBRIDGE or WESTBRIDGE CAPITAL or any confusingly similar marks or logos.

**Defendant's Unlawful Acts Have, and Will Continue to, Injure WestBridge Capital**

43. Defendant's use of the "Westbridge Capital" trademark, which is identical and confusingly similar to WestBridge Capital's WESTBRIDGE and WESTBRIDGE CAPITAL trademarks, in connection with services that are similar to those offered by the WestBridge Capital Group, is likely to cause confusion, mistake, and deception among the WestBridge Capital Group's customers and potential customers, vendors, and the general public, and to cause individuals and businesses to erroneously believe that Defendant is somehow affiliated, connected, or otherwise associated with the WestBridge Capital Group, or that the WestBridge Capital Group has sponsored or approved the use of marks similar to the WESTBRIDGE and WESTBRIDGE CAPITAL marks by

Defendant, all to the irreparable harm and detriment of the WestBridge Capital Group, and the substantial goodwill it has developed in the WESTBRIDGE and WESTBRIDGE CAPITAL trademarks.

44. The WestBridge Capital Group has and will continue to experience harm from Defendant's infringement not only in California, but also throughout the United States where Defendant has used the term "Westbridge Capital" without authorization in connection with investment services.

45. Defendant's use of the confusingly similar term "Westbridge Capital" is not only likely to cause monetary damages to the WestBridge Capital Group, but also is likely to cause consumer confusion and irreparable harm to the goodwill of the WestBridge Capital Group. As a result, Defendant's use of the term "Westbridge Capital," or any designation confusingly similar thereto, should be preliminarily and permanently enjoined.

## CLAIMS FOR RELIEF

### COUNT I
### (Trademark Infringement—15 U.S.C. § 1114)

46. WestBridge Capital re-alleges and incorporates each and every allegation of the foregoing paragraphs as though fully set forth herein.

47. As described above, WestBridge Capital is the owner of federal trademark Registration Nos. 2,546,319; 5,114,220; and 5,122,751 for the WESTBRIDGE and WESTBRIDGE CAPITAL marks.

48. WestBridge Capital's ownership and use of the WESTBRIDGE and WESTBRIDGE CAPITAL trademarks in commerce predates any use by Defendant of the confusingly similar "Westbridge Capital" term.

49. Since at least as early as July 2021, Defendant has been on actual notice of WestBridge Capital's prior use, ownership, and registration of the WESTBRIDGE and WESTBRIDGE CAPITAL marks, because WestBridge Capital contacted Defendant multiple times, informing Defendant of its registrations and rights in the WESTBRIDGE and WESTBRIDGE CAPITAL marks, and of Defendant's infringement.

50. Defendant's conduct represents a willful and intentional attempt to free ride off of the goodwill associated with the WESTBRIDGE and WESTBRIDGE CAPITAL trademarks owned by WestBridge Capital.

51. Defendant has used the term "Westbridge Capital" in interstate commerce in connection with the sale, offering for sale, distribution, and/or advertising of its competing goods or services without authorization.

52. With full knowledge and awareness of WestBridge Capital's ownership and prior use of the WESTBRIDGE and WESTBRIDGE CAPITAL trademarks, Defendant has intentionally used in commerce, and upon information and belief, unless enjoined will continue to intentionally use the accused infringing term "Westbridge Capital," which use is likely to cause confusion, or to cause mistake, or to deceive.

53. Defendant's use in commerce of the term "Westbridge Capital," as described above, constitutes trademark infringement in violation of 15 U.S.C. § 1114 in that it is without WestBridge Capital's consent and is likely to cause confusion, mistake, and/or deception with respect to WestBridge Capital's registered trademark, all to the irreparable injury of WestBridge Capital and the goodwill it has developed in the WESTBRIDGE and WESTBRIDGE CAPITAL marks.

54. Defendant's acts constitute infringement of a federal trademark registration in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

55. Defendant's acts have harmed the WestBridge Capital Group's reputation and goodwill.

56. Defendant's acts have caused and will cause irreparable injury to WestBridge Capital, and unless said acts are restrained by this Court, they will continue and WestBridge Capital will continue to suffer great and irreparable injury.  As such, WestBridge Capital has no adequate remedy at law, and is thus entitled to injunctive relief in addition to damages.

## COUNT II

9

COMPLAINT

**(False Designation of Origin—15 U.S.C. § 1125(a))**

57. WestBridge Capital re-alleges and incorporates each and every allegation of the foregoing paragraphs as though fully set forth herein.

58. As described above, the WestBridge Capital Group has used the WESTBRIDGE and WESTBRIDGE CAPITAL marks exclusively since 2000.

59. The WESTBRIDGE and WESTBRIDGE CAPITAL marks are distinctive and have acquired meaning among consumers, who associate the trademarks with the WestBridge Capital Group.

60. WestBridge Capital's ownership and use in commerce of the WESTBRIDGE and WESTBRIDGE CAPITAL trademarks predates the use by Defendant of the confusingly similar term "Westbridge Capital."

61. On information and belief, given the fame of WestBridge Capital's WESTBRIDGE and WESTBRIDGE CAPITAL trademarks and WestBridge Capital's communications with Defendant, Defendant's conduct represents a willful and intentional attempt to free-ride on of the goodwill associated with WestBridge Capital's brand.

62. Defendant uses the infringing "Westbridge Capital" term in interstate commerce in connection with the advertising of its private equity services and, upon information and belief, will continue to use that mark in interstate commerce in connection with the distribution and additional marketing of its products and services.

63. Defendant's use in commerce of the "Westbridge Capital" term, as described above, constitutes false designation of origin in violation of 15 U.S.C. § 1125(a)(1)(A) in that it is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with the WestBridge Capital Group and/or as to the origin, sponsorship, or approval by the WestBridge Capital Group of Defendant's goods, services, or commercial activity, and will

irreparably harm the WestBridge Capital Group and the goodwill it has developed in the WESTBRIDGE and WESTBRIDGE CAPITAL trademarks.

64. On information and belief, Defendant has and will continue to realize substantial revenues, profits, and other benefits rightfully belonging to WestBridge Capital as a result of its wrongful conduct.

65. Defendant's acts have harmed and will harm the WestBridge Capital Group's reputation and goodwill.

66. Defendant's acts have caused and will cause great and irreparable injury to WestBridge Capital, and unless these acts are restrained by this Court, they will continue and WestBridge Capital will continue to suffer great and irreparable injury.  As such, WestBridge Capital has no adequate remedy at law, and is thus entitled to injunctive relief in addition to damages.

## COUNT III

### (California Common Law Trademark Infringement)

67. WestBridge Capital re-alleges and incorporates each and every allegation of the foregoing paragraphs as though fully set forth herein.

68. As described above, the WestBridge Capital Group has been using the WESTBRIDGE and WESTBRIDGE CAPITAL trademarks in connection with its business and services since 2000.

69. WestBridge Capital's ownership and use in commerce of the WESTBRIDGE and WESTBRIDGE CAPITAL trademarks predates the use by Defendant of any confusingly similar terms.

70. Prior to Defendant's unlawful acts as alleged herein, the WestBridge Capital Group has achieved wide-spread and substantial use by consumers of its services under the WESTBRIDGE and WESTBRIDGE CAPITAL trademarks in the United States including within the State of California.

71. Defendant's conduct is a willful and intentional attempt to free-ride on of the goodwill associated with the WESTBRIDGE and WESTBRIDGE CAPITAL trademarks.

72. Defendant's use in commerce of the confusingly similar "Westbridge Capital" term constitutes common law trademark infringement in that it is without WestBridge Capital's consent and creates a likelihood of confusion as to source.

73. Defendant's acts constitute common law infringement of a trademark in violation of California law.

74. Defendant's acts have harmed and will harm the WestBridge Capital Group's reputation and goodwill.

75. Defendant's acts have caused and will cause great and irreparable injury to WestBridge Capital, and unless said acts are restrained by this Court, they will continue and WestBridge Capital will continue to suffer great and irreparable injury.  As such, WestBridge Capital has no adequate remedy at law, and is thus entitled to injunctive relief in addition to damages.

## COUNT IV

### (California Unfair Competition—Cal. Bus. & Prof. Code § 17200)

76. WestBridge Capital re-alleges and incorporates each and every allegation of the foregoing paragraphs as though fully set forth herein.

77. Defendant's acts, as alleged above, constitute unlawful and/or unfair business practices in violation of California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200.

78. Defendant's acts are unlawful and unfair because they have created, and are likely to create, confusion with consumers and the marketplace as to the source of origin, sponsorship, or approval of its products, in that purchasers have believed and/or are likely to believe, that Defendant's products and services are in fact somehow affiliated with the WestBridge Capital

Group. By reason of the foregoing, WestBridge Capital has been injured in an amount not yet ascertained and is entitled to the remedies provided for it in § 17200 of the California Business and Professions Code.

79. On information and belief, Defendant has realized and will continue to realize substantial revenues, profits, and other benefits rightfully belonging to WestBridge Capital as a result of its wrongful conduct.

80. Defendant's acts have harmed and will harm the WestBridge Capital Group's reputation and goodwill.

81. Defendant's acts have caused and will cause great and irreparable injury to WestBridge Capital, and unless said acts are restrained by this Court, they will continue and WestBridge Capital will continue to suffer great and irreparable injury.  As such, WestBridge Capital has no adequate remedy at law, and is thus entitled to injunctive relief in addition to damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff WestBridge Capital respectfully requests that this Court grant:

A. Judgment against Defendant on all causes of action alleged herein;

B. Compensatory damages, including lost profits and lost business value, in an amount to be proven at trial;

C. Multiple, exemplary and/or punitive damages as allowed by law;

D. An order, preliminarily and permanently enjoining Defendant, its officers, agents, servants, employees and attorneys, and all other persons in active concert or participation with it or them, from infringing the WESTBRIDGE or WESTBRIDGE CAPITAL marks and from continuing to violate 15 U.S.C. § 1114, 15 U.S.C. § 1125(a), California common law, and California Business and Professions Code § 17200;

E. Restitution under California Business and Professions Code § 17200;

F. Attorneys' fees and costs of suit incurred herein as allowed by law; and

G. All other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff WestBridge Capital hereby demands a trial by jury on all claims so triable.

Dated: June 23, 2023                                Respectfully submitted,

/s/   Rachel M. Walsh

Rachel M. Walsh (SBN 250568)
rwalsh@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, CA 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Robert D. Carroll (*pro hac vice application forthcoming*)
rcarroll@goodwinlaw.com
Todd Marabella (*pro hac vice application forthcoming*)
tmarabella@goodwinlaw.com
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA  02210
Tel: (617) 570-1000
Fax: (617) 523-1231

*Attorneys for Plaintiff WestBridge Capital Management, LLC D/B/A Westbridge Capital*

COMPLAINT                                14